**E-FILED**
Monday, 01 June, 2009  02:15:38 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| QUINTON D. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 09-4002 |
| | ) | |
| FRANK SHAW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

This matter is now before the Court on Petitioner, Quinton Brown's ("Brown"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, Respondent's Motion to Dismiss [#7] is GRANTED, and the § 2254 Petition [#1] is DISMISSED.

## BACKGROUND AND PROCEDURAL HISTORY

On July 13, 1995, Brown was convicted of first degree murder and aggravated battery with a firearm following a jury trial in the Circuit Court of Rock Island County.  He was sentenced to consecutive terms of 50 and 20 years' imprisonment.  His conviction and sentence were affirmed by the Illinois Appellate Court on July 18, 1997, and he was denied leave to appeal to the Illinois Supreme Court on October 1, 1997.

On April 2, 1998, Brown filed a post-conviction petition with the circuit court under the Illinois Post-Conviction Hearing Act.  The petition was denied on October 26, 1999.  Brown appealed, and the denial of his post-conviction petition was affirmed on August 24, 2001.  On December 5, 2001, the Illinois Supreme Court denied his Petition for Leave to Appeal.

Brown then filed a successive post-conviction petition on July 14, 2004, which was denied on November 16, 2006.  On October 4, 2007, his appeal to the Illinois Appellate Court was denied, and the Illinois Supreme Court denied his Petition for Leave to Appeal on January 30, 2008.

Brown now brings the present action seeking federal review of his state court proceedings.  In his Petition, he raises essentially eight arguments: (1) the trial court erred in refusing to suppress his statement where his Sixth Amendment right to counsel had been denied during the interrogation; (2) he was denied due process when he did not receive notice of the facts leading to the imposition of consecutive sentences; (3) his conviction for aggravated battery with a firearm must be reversed since the law creating that offense has been found to be unconstitutional; (4) he was denied due process and equal protection because the assistant state's attorney who prosecuted him was not an authorized agent or servant of the State of Illinois; (5) he was denied his Sixth Amendment right to counsel during his extradition proceeding; (6) his conviction should be vacated under the One Act, One Crime doctrine; (7) his rights were violated where the state used selective exclusion of African Americans during voir dire at this trial; and (8) he did not receive a fair trial.  This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus.  The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the present case, Brown alleges that he is entitled to relief because of errors purportedly made by the Circuit Court of Rock Island County and his attorney.  Brown makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence.  To the contrary, he asserts that his claims have been previously made through the state court post-conviction process.  Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

Brown's direct appeal became final on December 30, 1997, when the 90-day filing period for pursuing a Petition for Writ of Certiorari to the United States Supreme Court expired, and his clock began to run on that day.  Ninety-three days elapsed before the limitations period was tolled on April 2, 1998, with the filing of his first post-conviction petition. The clock began running again on December 5, 2001, after the Illinois Supreme

- 3 -

Court denied his Petition for Leave to Appeal, and continued to run until July 14, 2004, when Brown filed his second post-conviction petition.  Even assuming that the second post-conviction petition could be deemed properly filed for purposes of tolling the limitations period, 952 days elapsed between the conclusion of his first post-conviction proceedings and the initiation of his second post-conviction petition, and his one-year period had already expired by the time the second post-conviction petition was filed.  Give this reality, there is no need to discuss whether his third post-conviction petition was properly filed or the additional amounts of non-tolled time that elapsed prior to the filing of the present § 2254 petition.

Accordingly, more than 1,045 non-tolled days elapsed after Browns conviction became final, which greatly exceeds the 365-day limitations period allowed for habeas corpus petitions.  The non-tolled time elapsed between the time Brown's appeal became final and the filing of his second post-conviction petition exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody.  Therefore, the petition will be dismissed as untimely.

### CONCLUSION

For the reasons set forth herein, the Motion to Dismiss [#7] is GRANTED, and Brown's Petition for Writ of Habeas Corpus  pursuant to § 2254 [#1] is DISMISSED as untimely.  This matter is now terminated.

ENTERED this 1st day of June, 2009.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

- 4 -